# SIMMONS, JANNACE & STAGG, L.L.P.

KEVIN P. SIMMONS
STEVEN D. JANNACE
THOMAS E. STAGG*◊
DEBRA LYNNE WABNIK*
DANIEL P. GREGORY*
ANDREW KAZIN
SAL F. DELUCAΔ

JONATHAN M. BERNSTEIN*
JASON W. CREECH
JACQUELINE DELLA CHIESA
GEORGE C. FONTANA
MICHAEL D. KERNΔ
ALLISON C. LEIBOWITZ
ADAM M. LEVY
HALEY E. OLAMΔ
MARVIN N. ROMERO*
MICHELLE E. TARSON*
SHAWN TOCK
MELISSA M. VENTURA*
PAUL J. WINTERSTEIN◊

ATTORNEYS AT LAW
75 JACKSON AVENUE
SYOSSET, NEW YORK 11791-3139
(516) 357-8100
FAX (516) 357-8111

700 CANAL STREET
STAMFORD, CONNECTICUT 06902

COUNSEL

SUSAN B. JANNACE
ROSS M. CHINITZΔ
KRISTEN RENZULLI*

*ALSO ADMITTED NJ
ΔALSO ADMITTED CT
◊ALSO ADMITTED DC

March 25, 2009

**VIA ECF**

The Honorable A. Kathleen Tomlinson
United States District Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re:   Kevin Hughes and Allison Hughes v. Bank of America, N.A.
> <u>Docket No.: CV 08 0883   Bianco, J./Tomlinson, M.J.</u>

Dear Magistrate Judge Tomlinson:

We represent Bank of America N.A. in this action.  We write in opposition to plaintiff's motion to compel. Plaintiffs allege that they entered into a Home Equity Line of Credit (HELOC) agreement with Bank of America in May 2005, and that the bank allowed an identity thief to set up a bank account in their names and charge funds against their HELOC.  They also allege that the bank initiated foreclosure on their home due to the identify thief's acts, and improperly reported the account to credit reporting agencies ("CRAs").  They allege all of this occurred between November 2005 and May 2008.

On March 5, Bank of America produced 529 pages of documents in response to plaintiffs' document requests.  In a good faith attempt to resolve our differences, we spoke with plaintiffs' counsel on March 12th and March 13th and agreed to further discuss our differences before the March 23rd conference.  We advised that Bank of America is searching for additional responsive documents, and would produce them to the extent that they relate to the claims and defenses of the parties to the action and are not privileged.  However, plaintiff refused to accept this response.  At no time did we advise plaintiff that the bank's door was closed to further production.  Nevertheless, plaintiff moved to compel.

The parties' main differences relate to the relevant time frame and scope of the requests. Plaintiffs insist that the bank produce documents from an unlimited time period, even though plaintiffs admit that all of the alleged conduct that gave rise to this dispute occurred between 2005 and May

The Honorable A. Kathleen Tomlinson
United States District Magistrate Judge
March 25, 2009
Page 2

2008. Since documents from before 2005 have no relevance to the claims or defenses of the parties to the action, plaintiffs' requests should be limited to the relevant time period. *Augusta v. Cmty Dev. Corp., Inc.*, 2008 WL 2634874, *1 (E.D.N.Y. July 2, 2008) (demands over broad because they were not restricted to the relevant time period). Moreover, requiring the bank to search for and produce pre-2005 documents will be unduly burdensome. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 575-76 (2d Cir. 1996) (upholding district court's limitation of discovery because discovery of information over an unlimited time period would be overly broad and unquestionably burdensome).

Plaintiffs also seek documents relating to *all* of plaintiffs' accounts with the bank from the beginning of time, even though only two accounts are at issue. Because plaintiffs' other accounts have no bearing on the parties' claims or defenses, the bank should not have to produce documents relating to these accounts. *City of N.Y. v. Republic of Philippines*, WL 2710026, *6, (S.D.N.Y. Nov. 23, 2004) (narrowing requests to relevant subject matter). In addition to the aforementioned objections, Bank of America's further objections to the requests addressed in plaintiffs' motion to compel are discussed below. Because Bank of America's only objection to Request 53 was that it is not limited to the time period relevant to the allegations in Amended Complaint, it is not discussed below.

I.      Requests 10, 11, and 57 Seek Irrelevant Documents
        and Request 57 Compromises Security Procedures

In Requests 10 and 11, plaintiffs seek documents relating to the maintenance of procedures to avoid violations the Fair Credit Reporting Act ("FCRA"), state credit reporting law, and the Truth in Lending Act ("TILA"). Plaintiffs fail to limit their requests to the provisions under the Fair Credit Reporting Act ("FCRA"), state credit reporting law, and the Truth in Lending Act ("TILA") relevant to the allegations in the Amended Complaint. They seek documents relating to statutory provisions unrelated to the allegations in the Amended Complaint. FCRA and TILA are broad statutes covering a wide array of consumer protection law. Several of the provisions under these statutes are wholly unrelated to the allegations in the Amended Complaint. Merely requesting documents relating to Bank of America's compliance procedures for FCRA and TILA is an overly broad and unduly burdensome demand that would produce responses entirely irrelevant to this action. Thus, plaintiffs' requests should be limited to provisions of these statutes relevant to the allegations in the Amended Complaint.

Request 57 seeks documents relating to security breaches between 2004 and 2007. Although, plaintiffs limit the time period for the documents sought, they continue to seek irrelevant documents not likely to lead to discovery of admissible evidence. Any possible security breach involving accounts other than plaintiffs' is not germane or relevant to this proceeding, and thus has no bearing on this case. This is purely a fishing expedition. Plaintiffs have not established a security breach in the present action, much less a security breach involving over fifty accounts. Furthermore, given that disclosure of documents relating to security breaches would compromise Bank of America's security procedures, this request is unduly burdensome compared to the relevance of the information likely to be produced. Because these requests seek irrelevant documents not likely to lead to discovery of admissible evidence, Bank of America should not be compelled to respond to them. *Hyundai Merchant Marine Co., Ltd. v. U.S.*, 159 F.R.D. 424, 428 (S.D.N.Y. Jan. 6, 1995) (granting defendant's motion to quash discovery requests because the discovery sought was not relevant to the subject matter of action).

The Honorable A. Kathleen Tomlinson
United States District Magistrate Judge
March 25, 2009
Page 3

II.      Requests 9, 10, 20, and 57 are Vague

      Request 9 seeks documents relating to the handling of "disputed customer accounts." However, plaintiffs fail to specify the type of dispute to which they are referring.  Request 10 is also unclear because plaintiffs seek documents relating to procedures adapted to comply with "state credit reporting law," but fail to identify the state to which they are referring. Request 20 seeks correspondences and documents relating/referring to communications between Bank of America and CRAs including "telephone investigation logs."   However, it is unclear what documents plaintiffs are seeking when they request "telephone investigation logs."

      Finally, Request 57 seeks documents relating to security breaches between 2004 and 2007 "in which unauthorized person(s) gained accessed [sic] to more than 50 accounts established at BOA." Plaintiffs' use of the word "accessed" is vague and ambiguous because plaintiffs fail to specify how Bank of America should construe "accessed."   Hypothetically, "accessed" could be so broad as to include every possible instance in which a bank statement may have been delivered to an incorrect address or as narrow as where an identity thief may have successfully withdrawn funds from an account.  Because these requests contain vague and ambiguous language, Bank of America should not be compelled to further respond to them.  *MacNamara v. City of NY*, 2006 WL 3298911, *10 (S.D.N.Y. Nov. 13, 2006) (denying motion to compel where request was vague and ambiguous).

III.     Requests 9, 23, 36, and 57 Seek Privileged Documents

      Requests 9, 23, 36, and 57 seek documents protected by the attorney-client privilege.   In Request 9, it is unclear to what type of disputes plaintiffs are referring.  However, the documents sought in Request 9 relating to disputes, and in Request 57 relating to security breaches, are likely to include confidential communications between Bank of America and counsel made for the purpose of obtaining or providing legal advice.   Additionally, Requests 23 and 36 seek documents relating/referring to, and records evidencing, communications between plaintiffs and Bank of America. Requests 23 and 36 seek documents that would include such confidential communications between Bank of America and counsel.  Therefore, Bank of America should not be required to respond to these requests to the extent that these documents are protected by the attorney client privilege. *Gibbons v. U.S.*, 2006 WL 1215092, *1 (S.D.N.Y. May 3, 2006) (denying request for order directing party to answer interrogatories and document requests where information sought was protected by attorney-client privilege)

      For the foregoing reasons, plaintiffs' motion to compel should be denied.

                 Respectfully Submitted,

                 /s/Thomas E. Stagg

                 Thomas E. Stagg (ts-0662)

cc:  Joseph Mauro, Esq. (via ECF)