# SIMMONS, JANNACE & STAGG, L.L.P.

Kevin P. Simmons
Steven D. Jannace
Thomas E. Stagg*◊
Debra Lynne Wabnik*
Daniel P. Gregory*
Andrew Kazin
Sal F. DeLuca∆

Jonathan M. Bernstein*
Jason W. Creech
Jacqueline Della Chiesa
George C. Fontana
Michael D. Kern∆
Allison C. Leibowitz
Adam M. Levy
Haley E. Olam∆
Marvin N. Romero*
Michelle E. Tarson*
Shawn Tock
Melissa M. Ventura*
Paul J. Winterstein◊

Attorneys at Law
75 Jackson Avenue
Syosset, New York 11791-3139
(516) 357-8100
Fax (516) 357-8111

700 Canal Street
Stamford, Connecticut 06902

Counsel

Susan B. Jannace
Ross M. Chinitz∆
Kristen Renzulli*

*Also Admitted NJ
∆Also Admitted CT
◊Also Admitted DC

April 7, 2009

**VIA ECF & FACSIMILE**

The Honorable Judge Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

     Re:    Kevin Hughes and Allison Hughes v. Bank of America, N.A.
                Docket No.: CV 08 0883   Bianco, J./Tomlinson, M.J.

Dear Judge Bianco,

     We represent Bank of America, N.A. ("Bank of America") in this action. We submit this letter in opposition to plaintiffs' anticipated motion to amend the Amended Complaint. In the current Amended Complaint, plaintiffs allege that they entered into a Home Equity Line of Credit (HELOC) agreement with Bank of America in May 2005, and that the bank allowed an identity thief to set up a bank account in their names and charge funds against their HELOC. They also allege that the bank initiated foreclosure on their home due to the identify thief's acts, and improperly reported the account to credit reporting agencies ("CRAs"). They allege all of this occurred between November 2005 and May 2008.

     Plaintiffs are now seeking to amend their complaint to add new allegations based solely on communications between Joseph Mauro, counsel for plaintiffs, and our firm regarding our request for plaintiffs' consent to amend Bank of America's Answer to assert a counterclaim. From this alone, plaintiffs are claiming that Bank of America threatened to foreclose on their home and sue for the balance of their Home Equity Line of Credit. Bank of America withheld consent to plaintiffs' amending the complaint to add these allegations on the grounds that they are in bad faith, frivolous, futile, and add no colorable grounds for relief. Moreover, they

The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
April 7, 2009
Page 2

effectively make counsel for both parties witnesses for their respective clients and thus necessitate disqualification.[1]

Bank of America's objection is limited to the new allegations relating to events that occurred during the litigation. In the opening paragraph of the Second Amended Complaint and in paragraphs "60" and "90," plaintiffs allege that during the course of this litigation, Bank of America repeatedly threatened to sue plaintiffs and foreclose on their home. In a March 12, 2009 telephone conference, plaintiffs confirmed that these allegations are based solely on correspondence and conversations among counsel regarding its contemplated counterclaim and request for plaintiffs' consent to amend Bank of America's Answer. Plaintiffs never provided a response regarding whether they consented. On or about December 15, 2008, Bank of America advised that it was no longer contemplating a counterclaim. At no time during this litigation did Bank of America threaten to bring a second foreclosure action against plaintiffs or sue for the balance of the HELOC.

Significantly, only the attorneys for the parties discussed the possibility of a counterclaim, in accordance with the Local Rules. No new claim is based on these facts and neither Bank of America nor plaintiffs had any part in these communications. Mr. Mauro is relying solely on his personal knowledge of these events since he and our firm are the sole witnesses to these events. Thus, each party's counsel would have to testify regarding these new allegations. Plaintiffs have already served Bank of America with a Request for Admissions seeking admissions regarding the aforementioned communications. Because plaintiffs are aware that Bank of America has no personal knowledge of this correspondence, they are apparently seeking authentication from our firm rather than from our client. Additionally, since plaintiffs named members of our firm as witnesses in their initial disclosures, it appears that they intend to call Bank of America's attorneys as witnesses.

Rule 3.7 of the New York Rules of Professional Conduct governs whether an attorney also serving as a witness must be disqualified.[2] Because these new rules took effect April 1, 2009, there is no case law available interpreting them. However, Rule 3.7 is similar to former

---

[1] Technically, an amended pleading is not the proper device for plaintiffs to add allegations that occurred after service of the original complaint. Rather, plaintiffs' motion should be for leave to serve a supplemental pleading. *See* Fed. R. Civ. P. Rule 15(d).

[2] RULE 3.7: LAWYER AS WITNESS: (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on a significant issue of fact unless: (1) the testimony relates solely to an uncontested issue; (2) the testimony relates solely to the nature and value of legal services rendered in the matter; (3) disqualification of the lawyer would work substantial hardship on the client; (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or (5) the testimony is authorized by the tribunal. (b) A lawyer may not act as advocate before a tribunal in a matter if: (1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf if the client, and it is apparent that the testimony may be prejudicial to the client; or (2) the lawyer is precluded from doing so by Rule 1.7 or Rule 1.9.

The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
April 7, 2009
Page 3

Disciplinary Rule 5-102 of the New York Code of Professional Responsibility. New Rule 3.7 applies a consistent test by requiring disqualification where it is likely that the attorney will be a necessary witness on a significant issue of fact. Under former Rule 5-102, the test for disqualifying a counsel was whether the attorney ought to be called as a witness. *JP Folly & Co., v. Vanderbilt*, 523 F.2d 1357, 1359 (2d Cir. 1975). The phrase "ought to be called as a witness," has been construed to include an attorney who has crucial information in his possession that must be divulged in the course of trial. *Wickes v. Ward*, 706 F.Supp. 290, 292 (S.D.N.Y. 1989). If the attorney ought to be called, the rule requires the attorney's disqualification. Questions regarding the testimony of an attorney should be resolved in favor of the lawyer testifying, and against becoming or continuing as an advocate. *Id.* In other words, the attorneys are fungible, witnesses are not. *Glanzman v. Dominicana De Aviacion*, 1990 WL 160881, *1 (S.D.N.Y. Oct. 19, 1990).

      Here, plaintiffs are placing facts regarding communications between counsel directly at issue and counsel for the parties are the sole witnesses to these communications. If plaintiffs persist in pursuing these allegations, counsel for both parties may be subject to disqualification. *Cadle Co. v. Damadeo*, 256 F.Supp.2d 155, 157 (E.D.N.Y. 2003) ("In cases where the lawyer's testimony is highly relevant and solely within her possession it is apparent that she must be disqualified."); *Glanzman*, 1990 WL 160881 at *1 (counsel disqualified from representation because the facts in the affidavit submitted by counsel arose in the context of calls between plaintiff and counsel only); *Wickes*, 706 F.Supp. at 292 (disqualification was necessary where plaintiff put her litigation strategy at issue, her attorney had crucial information regarding this issue, and the defendants were entitled to question her attorney concerning this issue). Because plaintiffs' amendment provides them no viable additional grounds for relief, but will require both parties to retain new counsel, plaintiffs' amendments unduly prejudice Bank of America.

      For the foregoing reasons, plaintiffs' motion to amend the Amended Complaint should be denied.

                              Respectfully submitted,

                              /s/Thomas E. Stagg

                              Thomas E. Stagg (ts-0663)

cc:  Joseph Mauro, Esq. (via ECF & Facsimile)