SIMMONS, JANNACE & STAGG, L.L.P.
ATTORNEYS AT LAW
75 JACKSON AVENUE
SYOSSET, NEW YORK 11791-3139
(516) 357-8100
FAX (516) 357-8111

700 CANAL STREET
STAMFORD, CONNECTICUT 06902

KEVIN P. SIMMONS
STEVEN D. JANNACE
THOMAS E. STAGG*◊
DEBRA LYNNE WABNIK*
DANIEL P. GREGORY*
ANDREW KAZIN
SAL F. DELUCAΔ

JONATHAN M. BERNSTEIN*
JASON W. CREECH
JACQUELINE DELLA CHIESA
NICHOLAS N. DI SALVO
GEORGE C. FONTANA, JR.
MICHAEL D. KERNΔ
ALLISON C. LEIBOWITZ
ADAM M. LEVY
HALEY E. OLAMΔ
MARVIN N. ROMERO*
MICHELLE E. TARSON*
SHAWN TOCK
MELISSA M. VENTURA*
PAUL J. WINTERSTEIN◊

COUNSEL
SUSAN B. JANNACE
ROSS M. CHINITZΔ
KRISTEN RENZULLI*

*ALSO ADMITTED NJ
ΔALSO ADMITTED CT
◊ALSO ADMITTED DC

June 29, 2009

**VIA ECF**

The Honorable A. Kathleen Tomlinson
United States District Magistrate Judge
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

      Re:    Kevin Hughes and Allison Hughes v. Bank of America, N.A.
                successor by merger to Fleet National Bank; Trans Union, LLC
                and NCO Financial
                <u>Docket No.: CV 08 0883   Bianco, J./Tomlinson, M.J.</u>

Dear Magistrate Judge Tomlinson:

      We represent Bank of America N.A. ("Bank of America") in this action. This letter is in response to plaintiff's motion for sanctions against Bank of America for its alleged failure to respond to discovery requests by plaintiffs. No such failure has occurred because Bank of America's time to respond has not expired.

      On April 16, 2009, plaintiffs requested that the Court issue a sixty day stay of all proceedings and that all current scheduling deadlines be extended sixty days. Bank of America consented to this request. On April 17, 2009, Bank of America requested that the stay apply to all discovery in the action. On April 17, 2009, Your Honor entered an Order granting Bank of America's request for a three week extension of Bank of America's time to respond to plaintiffs' Request for Admissions, and advising that the Court would decide Bank of America's motion with plaintiffs' motion for the sixty-day stay.

The Honorable A. Kathleen Tomlinson
United States District Magistrate Judge
Eastern District of New York
June 29, 2009
Page 2

      On April 23, 2009, Your Honor entered an Order granting plaintiff's motion to stay remaining deadlines in the Case Management and Scheduling Order for sixty days. Because the Order did not specifically address Bank of America's request that the stay apply to all discovery, we contacted Your Honor's chambers on April 24, 2009 to confirm that the April 23, 2009 Order applied to all discovery deadlines in the action. We specifically inquired whether the Order stayed Bank of America's discovery obligations as well as plaintiffs'. Chambers confirmed that the stay applied to both parties' discovery obligations. Therefore, Bank of America respectfully submits that it has not failed to comply with its discovery obligations and requests that the Court deny plaintiffs' motion.

      In addition, at the March 30, 3009 conference, Your Honor ordered that plaintiff must provide Bank of America with the account numbers for up to five accounts for which they are seeking documents. Plaintiffs did not provide us with these account numbers. On April 15, 2009, we sent an email to Joe Mauro reminding him that he had not provided us with the account numbers and requesting that he respond. Neither he nor any of plaintiffs' other attorneys responded to this request and, to my knowledge, have not provided us with these account numbers to date.

      Plaintiffs' request that the Court deem the Request for Admissions admitted is an excessively harsh penalty and improper. The Request for Admissions seeks admissions on issues that are not alleged in the Amended Complaint and are the subject of plaintiffs' motion to amend the Amended Complaint, which is currently before Judge Bianco. Additionally, some of the requests seek information that were communications between the parties in the context of settlement negotiations which are inadmissible.

      Finally, at the time plaintiffs wrote to the court, they had not complied with their obligation to provide us with documents that were produced in response to subpoenas. It was not until we asked plaintiffs' to comply with their obligation to provide us with these documents that plaintiffs produced responsive documents.

                                      Respectfully submitted,

                                      /s/Thomas E. Stagg

                                    Thomas E. Stagg (ts-0663)

TES:js

cc: Fishman & Neil, L.L.P (via ECF)